**NOT FOR PUBLICATION**

```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

WILLIE JENKINS,                  :
                                 :    Civil Action No. 06-5163 (JAP)
            Plaintiff,           :
                                 :
      v.                         :    **OPINION**
                                 :
LAWRENCE J. GREGORIO,            :
                                 :
            Defendant.           :

**APPEARANCES:**

Plaintiff pro se
Willie Jenkins
Northern State Prison
P.O. Box 2300
168 Frontage Road
Newark, NJ 07114

**PISANO**, District Judge

Plaintiff Willie Jenkins, a prisoner confined at Northern State Prison, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or

malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I.   BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff is serving a life sentence for murder. On or about August 21, 2006, Plaintiff was notified that he was granted parole into the Community Programs Unit program. By letter dated September 29, 2006, he was advised by Lawrence J. Gregorio, Director, Division of Release, New Jersey State Parole Board, that an Administrative Hold had been placed against his parole date to the Community Programs Unit and that he would be re-listed for a panel hearing as soon as administratively possible.

Plaintiff believes that the Administrative Hold was placed on his parole release for improper reasons, including late prosecutorial input, in violation of his due process rights and state law. He asks this Court to issue a writ of mandamus against Defendant Lawrence J. Gregorio, directing him to release Plaintiff to the Community Programs Unit in accordance with the New Jersey State Parole Board's earlier grant of parole.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain _in forma pauperis_ and prisoner actions that are

frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can

3

prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.  ANALYSIS

Title 28 U.S.C. § 1361 provides that, "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." An employee of the New Jersey State Parole Board is not "an officer or employee of the United States or any agency thereof" against whom this Court may issue a writ of mandamus under § 1361.

The All Writs Act, 28 U.S.C. § 1651(a) permits federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." While § 1651 permits this Court to issue a

writ of mandamus in aid of its own jurisdiction, it does not confer upon federal courts general jurisdiction to issue a writ of mandamus "against state officials for violations of their duties under state law." See Coniston Corp. v. Village of Hoffman Estates, 844 F.2d 461 (7th Cir. 1988). Nor does this Court possess jurisdiction to issue a writ of mandamus to compel state officials to perform discretionary functions. See Rothstein v. Montana State Supreme Court, 637 F.Supp. 177, 178 (D. Mont. 1986). The requested writ would not in any manner aid this Court in the exercise of its jurisdiction as required for the issuance of a writ under § 1651(a).[1]

## IV.   CONCLUSION

For the reasons set forth above, the Complaint must be dismissed for lack of jurisdiction. An appropriate order follows.

/s/ JOEL A. PISANO
Joel A. Pisano
United States District Judge

Dated: November 2, 2006

---

[1] This Court notes that the proper means for a state prisoner to challenge the constitutionality of his confinement is by a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 following exhaustion of state remedies. As it is apparent from the Complaint that Plaintiff has not exhausted his state remedies, this Court need not offer Plaintiff the opportunity to proceed with this Complaint as a habeas petition.